A.E.C. Consulting & Expediting, Inc. v Vella (2019 NY Slip Op 07362)





A.E.C. Consulting & Expediting, Inc. v Vella


2019 NY Slip Op 07362


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


650705/15 10075

[*1]10076 A.E.C. Consulting & Expediting, Inc., now known as A.E.C. Consulting & Equity Inc., also known as Mohamed Azadi & Ronny A. Livian, Plaintiff-Respondent,
v
Zachary Vella, Defendant-Appellant, 949 Park Development, LLC, et al., Defendants.
A.E.C. Consulting & Expediting, Inc., now known as A.E.C. Consulting & Equity Inc., also known as Mohamed Azadi & Ronny A. Livian, Plaintiff-Respondent,
v
949 Park Development, LLC, et al., Defendants-Appellants, Benjamin Soleimani, Defendant.


Steven Landy & Associates, PLLC, New York (David A. Wolf of counsel), of counsel), for appellants.
Sullivan PC, New York (Peter Sullivan of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered October 22, 2018, which, upon plaintiffs' motion to strike defendants 949 Park Development, LLC, and Zachary Vella's answer, directed defendants to produce within two weeks all "back up to its recap,'" including tax returns for the entire life of the company, bank records, and mortgage statements, and ordered that failure to comply would result in the issuance of an adverse inference, and, upon a further showing by plaintiffs, the striking of the answer, unanimously affirmed, with costs. Order, Supreme Court, New York County (Melissa A. Crane, J.), entered July 3, 2018, which, to the extent appealed from, denied defendant Zachary Vella's motion to dismiss the breach of contract cause of action, unanimously affirmed, with costs.
The record supports the court's conclusion that defendants failed to produce available documents relevant to a determination of whether 949 Park earned a profit and made a distribution to its members. Defendants also failed to identify the specific documents that were destroyed in the flood and to show that they had made a reasonable search for the records requested by plaintiff. The court providently exercised its discretion in relieving plaintiff of the [*2]obligation to provide an affirmation of good faith and the amended discovery demands, given its familiarity with the dispute from plaintiff's prior motion to compel. Plaintiffs were not obligated to move to compel a second time.
Plaintiff has standing to sue for breach of contract, because it demonstrated that the substitution of "Equity" for "Expediting" in its name on the contracts was a scrivener's error (see Harris v Uhlendorf , 24 NY2d 463, 467 [1969]), that the parties to the contracts were aware that the services were performed by Expediting, and that defendants paid Expediting, not Equity, $40,000 pursuant to the contracts. Defendants presented no evidence that Equity performed any services for them or that such an entity even existed.
Neither of the doctrines of collateral estoppel and law of the case bars plaintiff from suing on the contracts. The court granted defendants' motion to dismiss the prior action as against them on the ground that Equity, not Expediting, was the party to those contracts, and denied plaintiff's request to amend the complaint because there was no proposed pleading before it. However, the court pointed out that the statute of limitations had not yet run, and subsequently consolidated the instant action, which employs the correct nomenclature, with the remainder of the prior action.
Defendants contend that documentary evidence demonstrated that Vella could not be liable under the contracts because he was not responsible for paying the zoning fee. The court correctly concluded that, as a direct party to the contracts, Vella had an implied duty of good faith and fair dealing and was required to cause 949 Park, of which he was the managing member, to fulfill its contractual obligations (see Dalton v Educational Testing Serv. , 87 NY2d 384, 389 [1995]).
The complaint states a cause of action for breach of contract by alleging that Vella was required under one of the contracts to cause 949 Park to make required payments and that those payments were not made. The complaint also states a cause of action for breach of the duty of good faith and fair dealing.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK